Western Hickory Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Bruno A. Muscatello, Stepanian & Muscatello,* for petitioner.

*Alan S. Miller,* with him, *Stanley R. Geary,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 31, 1984:

This is the appeal of Western Hickory Coal Company (Western Hickory) from an order of the Environmental Hearing Board (EHB) upholding the assessment upon the appellant by the Department of Environmental Resources (DER) of a civil penalty in the amount of $5,000.00.

The DER granted Western Hickory permits to conduct surface mining on sites in Butler County. In July of 1981, Western Hickory's surface mining operations were approaching the boundaries of the areas covered by its permits. On August 18, 1981, it applied to DER for a mining permit for an adjacent site. The permit was not issued until September 29,

1981 and in the meantime, as the EHB found upon substantial evidence adduced at its hearing, the following occurred: on August 29 and 30, 1981, Western Hickory conducted mining operations on the adjacent site without a permit; on September 3, 1981, Western Hickory's president and majority stockholder told a DER mining inspector that Western Hickory was mining the adjacent area without a permit; on September 9, 1981, the same inspector visited the site and observed that Western Hickory was indeed mining an area which he believed was off permit; and on September 11, 1981, after assuring himself by examination of maps and other material in DER files, the inspector caused a DER order that the unlicensed mining cease to issue. At the time the order was issued Western Hickory had mined at least three acres of land not under permit. In May, 1982, DER assessed the $5,000.00 civil penalty upon Western Hickory for mining off permit on September 11, 1981.

The surface mining of land not covered by a permit is forbidden by Section 4 of the Surface Mining Conservation and Reclamation Act (SMCRA), Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396.4. Section 18.4 of SMCRA, added by Section 13 of the Act of October 10, 1980, P.L. 835, 52 P.S. §1396.22, provides that for any violation of the Act DER may assess a civil penalty and that if the violation leads to the issuance of a cessation order, as Western Hickory's did, that ''a civil penalty shall be assessed.'' The same section provides that the penalty shall not exceed $5,000.00 per day for each violation.

Western Hickory states two questions. The first owes more to legal theory and semantics than it does to the application of the law to the facts. After making extensive findings of fact based on the record, including a finding that Western Hickory had, contrary to law, mined an area not under permit and

that this was with the knowledge of its president and majority stockholder, EHB essentially upheld DER's assessment of the civil penalty and its amount. EHB began its review of DER's order with the phrase "[i]n general, our review of a DER action is to determine whether DER has committed an abuse of discretion or an arbitrary exercise of its duties or functions." EHB then decided that the fixing of the civil penalty at the amount of $5,000.00 was not an abuse of DER's discretion. It rejected out of hand Western Hickory's contention that no penalty at all should have been assessed on the ground that Section 18.4, as we have seen, mandates the assessment of a civil penalty in some amount if a cessation order has been assessed and Western Hickory does not dispute the correctness of this ruling.

Referring only to the amount of the penalty (and not to DER's other discretionary action, the issuance of the cessation order), Western Hickory contends that the EHB misapprehended the scope of its review by limiting its determination to that of whether DER had abused its discretion in fixing the amount at $5,000.00; Western Hickory contends that because EHB's hearing and review is de novo, it should have determined the matter "on the merits" in disregard of DER's determination. Western Hickory says that this is the teaching of *Warren Sand & Gravel v. Department of Environmental Resources,* 20 Pa. Commonwealth Ct. 186, 341 A.2d 556 (1975). Western Hickory has misapprehended *Warren Sand & Gravel.* We there wrote: "[i]f ... DER acts with discretionary authority, then the Board, based upon the record before it, may substitute its discretion for that of DER." 20 Pa. Commonwealth Ct. at 204, 342 A.2d at 565. We emphasize the phrase "may substitute" because it imports that EHB is not required to substitute its discretion for DER's—that the Board may decide not

to substitute its discretion for that of DER, in which case it is wholly appropriate for it to write that DER had not committed an abuse of discretion. The only evidentiary record was made by EHB whose findings were based on that record and whose discussion refers only to the facts and events described in that record. There is no reason why EHB should be required to express the basis for its conclusion not to substitute its discretion for DER's otherwise than that DER had not committed an abuse of discretion.[1]

Section 18.4 also provides that in fixing the amount of the penalty the agencies should consider the willfulness of the violation, the extent of environmental harm done, the cost of restoration and other relevant factors. It was stipulated that there was here no environmental harm, leaving willfulness as the only explicitly described consideration at issue.

Western Hickory contends that the testimony at the board hearing did not show willful conduct on its part.[2] The argument is difficult to understand.

[1] At the time of assessment of penalty, May 3, 1982, there were no departmental regulations under SMRCA in effect. In July, 1982, the Environmental Quality Board adopted the current regulations set forth in 25 Pa. Code 86, particularly the civil penalty provisions of Subchapter 6. Under the internal guidelines, which were used to arrive at the $5,000.00 penalty, the base penalty was $2,000.00 plus $1,000.00 for each acre mined (3). Under the regulations promulgated, embodied in 25 Pa. Code §86.193(e), the minimum penalty for the surface mining activities on an unpermitted area is $2,000.00 per acre or, in this case, a total of $6,000.00. The board acknowledged that internal guidelines do not enjoy presumptive validity, but found based on the facts of this case, that the $5,000.00 penalty was reasonable. Western Hickory has not raised a question on appeal concerning the use of internal guidelines.

[2] Western Hickory also argues that the board improperly based its finding of willfulness on actions taken before the date of the violation charged in the citation of September 11, 1981. Not so. The board viewed Western Hickory as having knowingly violated the law from late August until September 11. 1981, the date of the cessation order.

Western Hickory's president testified that unlawful mining activities were being conducted before September 3, 1981, the date on which he says a DER inspector gave him "permission" to continue the illicit activity. The action was not only clearly willful it was prolonged and the penalty assessed was justified and modest.[3]

Order affirmed.

ORDER

AND Now, this 31st day of December, 1984, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.

---

[3] The $5,000.00 penalty is the maximum amount assessable per day of violation. See 52 P.S. 1396.22. DER points out that Western Hickory's violations occurred over a number of days.